IN THE IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO D. ALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, ) <br> AND OFFICER KEVIN TAYLOR #17121 ) <br> OFFICER GABRIEL RODRIGUEZ, #12737 ) <br> DANIEL FAIR, #9778, JEFFREY MORROW, ) <br> #17957 AND UNKNOWN OFFICERS ) <br> In their individual capacity, ) <br> ) <br> Defendants. ) | Case No. 23 CV 16748 |

## COMPLAINT

NOW COMES Plaintiff MARIO D. ALLEN, by and through his attorney S.T. ALLEN Law, P.C. and for his complaint against the CITY OF CHICAGO, a municipal corporation, and OFFICER KEVIN TAYLOR #17121, OFFICER GABRIEL RODRIGUEZ, #12737, OFFICER DANIEL FAIR #9778, JEFFREY MORROW #17957 AND UNKNOWN OFFICERS (collectively "Defendants") state the following:

### INTRODUCTION

1. On July 3, 2020, Plaintiff was driving his vehicle westbound on 127th street near Wentworth Avenue when he was stopped by Defendant Kevin Taylor and several other Chicago Police Officers.

2. After pulling Plaintiff over, Defendant Kevin Taylor and other officers conducted a search of Plaintiff's vehicle.

1

3. Despite several passengers present in the vehicle, officers attributed various pieces of contraband to Plaintiff.

4. Plaintiff was arrested and charged with several felony offenses.

5. On February 3, 2021, the Cook County State's Attorney dismissed all charges against Plaintiff; however, on October 5, 2021, Plaintiff was indicted by a grand jury on the testimony of Defendant Kevin Taylor.

6. On April 11, 2023, all charges against Plaintiff were dismissed.

## CAUSE OF ACTION

7. This is an action for damages, brought pursuant to 42 U.S.C. §§ 1983, 1985, the Fourth Amendment to the United States Constitution, and under the law of the state of Illinois, against the City of Chicago and Officer Kevin Taylor, Officer Gabriel Rodriguez, Officer Daniel Fair, Officer Jeffrey Morrow and unknown officers in their individual capacities.

8. Plaintiff alleges that the aforementioned constitutional violations were committed as a result of the policies and customs of the City of Chicago, Illinois.

9. As a result of the misconduct of the defendants, Plaintiff suffered severe personal, physical, and emotional injuries.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States; 42 U.S.C. §§ 1983, 1985 and § 1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of state law.

11. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that all the claims and events giving rise to this action occurred in this district.

## PARTIES

13. The Plaintiff, Mario D. Allen, lives in the state of Illinois, County of Cook.

14. At all relevant times, Defendant Officers Kevin Taylor, Gabriel Rodriguez, Daniel Fair, Jeffery Morrow and unknown officers were employed by the City of Chicago as sworn police officers. At all relevant times, Defendant Taylor and his fellow officers acted under color of law and within the course and scope of their employment as Chicago Police Officers. Defendant Officers Taylor, Rodriguez, Fair, Morrow and unknown officers are sued in their individual capacities.

15. At all relevant times herein, Defendant, City of Chicago, was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer of Defendants Kevin Taylor, Gabriel Rodriguez, Daniel Fair, Jeffery Morrow and unknown officers. Defendant City of Chicago must indemnify Defendants Officers Kevin Taylor, Garbriel Rodriguez, Daniel Fair, Jeffery Morrow and unknown officers pursuant to 735 ILCS 10/9-102.

## FACTS

16. On July 3, 2020, at approximately 3:00 PM Defendant Kevin Taylor and other Chicago Police Officers stopped Plaintiff at or around 126th Place and Wentworth for allegedly failing to signal.

17. At the time of the traffic stop, Defendant Kevin Taylor and other officers claimed to smell cannabis emanating from inside Plaintiff's vehicle.

3

18. Plaintiff was driving the vehicle and was accompanied by three other passengers.

19. Defendant Kevin Taylor then conducted a search of Plaintiff's vehicle, finding two backpacks containing various items.

20. Officer Kevin Taylor attributed the ownership of the backpacks and their contents to Plaintiff with no evidence to support his assertion.

21. Officer Keven Taylor then arrested Plaintiff and let the other passengers leave.

## LACK OF EVIDENCE

22. Between July 2020 and February 2021, Illinois State Police analyzed evidence collected and provided by Chicago Police. The Cook County State's Attorney office dismissed all charges against the Plaintiff on February 3, 2021.

## CONTINUED PURSUIT OF CHARGES

23. Despite the lack of evidence and the dismissal of charges, the Cook County State's Attorney convened a grand jury and indicted Plaintiff on several charges, including the manufacture and delivery of cannabis and aggravated unlawful use of a weapon.

24. Officer Kevin Taylor's testimony at the grand jury lead to the indictment.

25. Plaintiff remained in custody until July 6, 2020, when he was able to post bond of $5,000D. Plaintiff spend another day in custody on October 20, 2021, when the charges were indicted several months later until he was able to again to post the amount of $5,000D.

26. It was not until April 11, 2023, that all charges against Plaintiff were dismissed.

4

## FALLOUT AND DAMAGES

27. As a result of the arrest and long-term ongoing prosecution of Plaintiff, he lost many employment opportunities and his car was impounded by the City of Chicago.

28. Plaintiff, who had a successful security company before this arrest was unable to carry a firearm which significantly decreased the number of contracts he could obtain. Furthermore, the Plaintiff was unable to travel freely which significantly decreased the number of contracts he could obtain.

## CHICAGO POLICE HISTORY OF MALICIOUS PROSECUTION, ABUSE OF PROCESS AND MISCONDUCT DURING INVESTIGATIONS

29. On information and belief, Defendant Kevin Taylor is listed on the Cook County State's Attorney's Office Brady Giglio "Do Not Call List."

30. The Brady Giglio List is a list of police officers created by prosecutors in response to United States Supreme Court decisions in the Brady and Giglio cases requiring prosecutors to disclose exculpatory evidence to the accused.

31. Police officers on this list are individuals who themselves have faced criminal charges or accusations of other serious misconduct.

32. On information and belief, Defendant Kevin Taylor's presence on the Brady Giglio list is the primary reason why charges against Plaintiff were dismissed.

33. On March 10, 2023, WGN published a list of 66 names on the Brady Giglio list.

34. 49 of the names on the list are Chicago Police Officers.

35. Officer Daniel Fair is charged with a felony under case # 23CR0876501 for a Class 3 Official Misconduct/ Forbidden Act and Official Misconduct/Obstruction of a Criminal Investigation.

In addition, Officer Fair is charged with two counts of Obstruction of Justice/Destroying Evidence.

36. On information and belief, Defendant Daniel Fair was under investigation for destroying evidence and planting guns on unsuspecting citizens in order to charge them with false allegations far before the arrest of Plaintiff in this case.

37. The Chicago Police Department has a long history of officer misconduct, including matters leading to the unprecedented creation of a fund to pay victims of police misconduct in 2020.

38. In 2022, there were 97 exonerations and reverse convictions related to cases involving the Chicago Police Department.

39. In September 2023, the City of Chicago law department recommended a settlement of $25 million to settle two cases involving men wrongfully convicted as a result of police misconduct.

40. There are at least ten other reverse conviction cases pending against former police officers and detectives.

41. In 2016, The City of Chicago entered into a consent decree with the Attorney General of the State of Illinois.

42. Despite this, the City of Chicago has failed to adopt policies and procedures to reduce the potential for violation of the civil rights of arrestees and residents of the City of Chicago.

## COUNT I
## 42 U.S.C. §1983—Malicious Prosecution
### (Against City of Chicago and Officer Kevin Taylor #17121)

43. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

44. The City of Chicago, Officer Kevin Taylor and his fellow officers instituted and continued legal proceedings against the Plaintiff when they arrested Plaintiff, signed complaints, and Kevin Taylor testified before a grand jury leading to indictments against the Plaintiff.

45. Despite a lack of evidence, and Officer Taylor's and Officer Fair's lack of credibility, Defendants insisted continuing the prosecution of charges.

46. All charges were dismissed against the Plaintiff.

47. Defendants had no probable cause for the continued prosecution of Plaintiff for over three years.

48. Defendants intentionally and with malice, filed charges despite a lack of evidence and testified before a grand jury in an effort to continue to prosecute the Plaintiff.

49. As a direct and proximate consequence of said conduct of Defendants, Plaintiff suffered violations of his constitutional rights, lost his freedom, suffered monetary expenses, and other injuries.

## COUNT II
## 42 U.S.C. §1983—Abuse of Process
### (Against All Defendants)

50. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

51. Defendants had an ulterior purpose or motive in maintaining charges against the Plaintiff.

52. Defendants had an ulterior purpose or motive in indicting the Plaintiff in October 2021, seven months after the Cook County State's Attorney dismissed all charges against Plaintiff.

53. The actions taken by Defendants were not proper in the regular prosecution of legal proceedings.

54. As a direct and proximate consequence of said conduct of Defendants, Plaintiff suffered violations of his constitutional rights, lost his freedom, suffered monetary expenses, and other injuries.

## COUNT III
## 42 U.S.C. §1983—Monell Claims
### (Against City of Chicago)

55. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

56. The Chicago Police Department should have been aware of at least four officers in the Calumet (5th District) as they terrorized the southside of Chicago.

57. Fellow officers had to be aware of the aforementioned behavior yet because of the so called "Code of Silence" no other officer stepped in to prevent the egregious behavior of Kevin Taylor, Daniel Fair and others.

58. As a direct and proximate consequence of said conduct of Defendants, Plaintiff suffered violations of his constitutional rights, lost his freedom, suffered monetary expenses, and other injuries.

## COUNT IV
## State Law Claim—Intentional Infliction of Emotional Distress
## (Against All Defendants)

59. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

60. The acts and conduct of Defendant Officer Kevin Taylor and his fellow officers were extreme and outrageous. Defendant Officer Kevin Taylor and his fellow officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiff, as is more fully alleged above.

61. Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff, and thereby constituted intentional infliction of emotional distress.

62. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

63. In committing the acts alleged in the preceding paragraphs, Defendant Officer Kevin Taylor and his fellow officers were members of, and an agent of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

64. Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago Police Department.

65. In consequence thereof, Defendant City of Chicago is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

66. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

## COUNT V
### Indemnification Pursuant to 745 ILCS 10/9-102
### (Against the City of Chicago)

67. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

68. The misconduct of all Defendants were committed in the scope of their employment with the Defendant City of Chicago.

69. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of all Defendants.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs demand the following relief, jointly and severally, against all the Defendants:

A. Compensatory damages with respect to all counts.

B. Punitive damages with respect to all Defendant Officers in their individual capacities.

C. Attorney's fees pursuant to 42 U.S.C. § 1988. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

D. Such other and further relief as this Court may deem appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

/s/ Shay T. Allen

Shay T. Allen
S.T. Allen Law, P.C.
314 N. Loomis St.,
Suite G2
Chicago, IL 60607
Tel: (708) 960-0113
Fax: (708) 575-1778
Attorney No: 6285625
email: sallen@attorneyshaytallen.com

11